IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Action No. 17-cr-454-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE De JESUS OLMOS-MENDIOLA,

        Defendant.

---

**MOTION TO DETERMINE COMPETENCY OF DEFENDANT**

---

COMES NOW, the Defendant Jose De Jesus Olmos-Mendiola, by and through his attorney, Boston H. Stanton, Jr., and respectfully moves this Honorable Court to hold a hearing pursuant to 18 U.S.C. § 4241(a) and (b) to determine the mental competency of the defendant and his mental health. Prior to any such hearing, Mr. Olmos-Mendiola requests that he be provided the opportunity to retain a licensed or certified psychiatrist or psychologist to conduct an evaluation pursuant to 18 U.S.C. § 4241. A request to toll the Speedy Trial Act is made pursuant to 18 U.S.C. § 3161(h)(1)(A). In support of this motion, counsel states as follows:

    1.    18 U.S.C. § 4241(a) provides that at any time after the commencement of a prosecution for an offense and prior to sentencing, a defendant may file a motion for a hearing to determine his mental competency. The Court shall grant such motion if there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Prior to the competency hearing, the Court may order a psychiatric or psychological examination/evaluation of the

defendant under 18 U.S.C. § 4241 (b) and (c).

2. Undersigned counsel ("counsel") proffers, based on his interaction with the defendant, that there is "reasonable cause to believe ... that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent...." Without disclosing the specific content of privileged communications, counsel's belief in this regard is based on statements made by the defendant regarding this case, the defendant's demeanor, and concerns raised by the defendant himself regarding his mental condition and need for medical treatment. There is reasonable cause to believe that a psychiatric and/or psychological examination and report is necessary to determine: (1) the defendant's mental condition in order to determine the appropriate treatment he is to receive during and after confinement; and, (2) the facility in which he shall receive such treatment during confinement.

3. In addition, the Defendant has requested that his prior counsel obtain a slew of documents pertaining to his medical history in the Bureau of Prisons. Mr. Olmos-Mendiola has a documented mental-health history. His mental health is pertinent to not only the current charges but also to a potential sentencing. Efforts are underway to obtain Mr. Olmos-Mendiola's mental-health records; a portion of which are in the custody of the Bureau of Prisons. These records are yet to be obtained.

4. Mr. Olmos-Mendiola wishes to retain a licensed or certified psychiatrist or psychologist to conduct independent evaluations and anticipates retaining Dr. Walter J. Torres, 3300 E. First Avenue, Suite 590, Denver, Colorado 80206, to conduct the aforementioned evaluations. Previous relationship with Dr. Torres indicates that he will need at least 60 days to complete the evaluation and prepare an independent psychological or psychiatric report to filed

with the Court pursuant to 18 U.S.C. § 4247(c), addressing Defendant's competency and mental health pursuant to 18 U.S.C. § 4241(a) and (b).

5. Therefore, counsel requests that Mr. Olmos-Mendiola be provided the opportunity to pursue an independent psychological or psychiatric examination pursuant to 18 U.S.C. § 4241(b) and (c) to determine whether Mr. Olmos-Mendiola is mentally competent to be able to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

6. Counsel has contacted Assistant United States Attorney Emily May and she does not oppose this motion.

7. Pursuant to 18 U.S.C. § 3161(h)(1)(A), Mr. Olmos-Mendiola requests that the Speedy Trial Act be tolled until such time as Dr. Torres has completed both a competency evaluation pursuant to 18 U.S.C. § 4241(a) and an mental health evaluation and a hearing has been conducted pursuant to 18 U.S.C. §4241 (c) and (d). Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court may find that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed.

**WHEREFORE**, Mr. Olmos-Mendiola request that this Honorable Court toll the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) to provide Mr. Olmos-Mendiola the opportunity to seek psychiatric or psychological evaluations addressing competency and mental health pursuant to 18 U.S.C. § 4241(a) and (b) respectively. A status conference is requested in approximately 90 days or for such other and further relief as to the Court seems just and proper under the circumstances.

Dated this 13th of July, 2018.

Respectfully submitted,

LAW OFFICE OF BOSTON H. STANTON, JR.

s/Boston H. Stanton, Jr.
Boston H. Stanton, Jr.
P.O. Box 200507
Denver, CO 80220
(303) 377-2757 Telephone
(303) 394-0204 Telecopier
bostonhs@comcast.net
**ATTORNEY FOR JOSE De JESUS OLMOS-MENDIOLA**

# CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, I electronically filed the foregoing **MOTION TO DETERMINE COMPETENCY OF DEFENDANT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, to include the following e-mail addresses:

Emily M. May emily.may@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jose De Jesus Olmos-Mendiola
c/o FDC, Englewood, CO

s/Boston H. Stanton, Jr.
LAW OFFICE OF BOSTON H. STANTON, JR.